IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIANA SMITH | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO.  206 CV 41 |
| | § | |
| NISSAN NORTH AMERICA, INC. | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nissan North America, Inc.'s ("Nissan") Motion to Transfer

Venue (Docket No. 9).  For the reasons discussed below, Nissan's motion is **DENIED**.

## BACKGROUND

On November 1, 2004, Plaintiff Diana Smith ("Smith") was in an automobile accident while

driving a 1997 Nissan Pathfinder.  The accident occurred at the 900 block of the service road to

SH114 in Grapevine, Tarrant County, Texas.  Smith alleges that her vehicle struck another vehicle

before veering off the road and colliding with a light pole.  Smith claims that the airbag deployed

upon impact, causing her to suffer blindness in both eyes.  Smith is a resident and citizen of Fort

Worth, Tarrant County, Texas.  On January 31, 2006, Smith filed this lawsuit in the Eastern District

of Texas, Marshal Division, seeking damages from Nissan for alleged design, manufacture, and

marketing defects.  This case is currently set for trial on February 12, 2007.

Defendant moves pursuant to 28 U.S.C. § 1404(a) to transfer venue to the Northern District

of Texas, Fort Worth Division, in the interest of justice and for the convenience of the parties and

1

witnesses.

## APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  If so, under § 1404(a), a court examines "the convenience of the parties and witnesses."  *Id*.  The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight.  *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.  *Id*.  The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application.  *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has

determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508).  A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims.  *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted.  *Z-Tel Commc'ns*, 331 F. Supp. 2d at 570 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

It is undisputed that this case could have been properly filed in the Northern District of Texas, Fort Worth Division.  Accordingly, the Court directs its attention to weighing the private and public interest factors.

## **Private Factors**

### *The relative ease of access to sources of proof*

With new developments in communication technology and document storage, the location and access of ease to documents is given less weight when considering the private interest factors. *See Langton v. Cbeyond Commc'n, L.L.C.*,  282 F. Supp. 2d. 504, 511 (E.D. Tex. 2005)(Davis, J.); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d. 757, 778 (E.D. Tex. 2000)(Heartfield, J.).  Proof related to the design and manufacture of the 1997 Nissan Pathfinder and its airbag will be the most important evidence at trial.  Documents related to this issue are not located in either the Eastern or the Northern District of Texas.  Nissan points out that the actual vehicle is being stored in the Northern District of Texas.  Although the parties will likely conduct their pre-trial discovery related

3

to the car at that location, neither party has indicated that they will attempt to bring the car to trial. Some medical documents are located in the Northern District of Texas and might be needed in Marshall at trial, however, the copying and transfer of these documents will not be a significant burden on Nissan.  Accordingly, this factor does not weigh in favor of transfer.

*The availability of the compulsory process to secure witnesses' attendance*

Nissan has not identified any unwilling witnesses that would not be subject to the compulsory process at trial.  Even if Nissan had identified such a witness, under Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, this Court can compel a witness to attend trial from anywhere within the state of Texas. *See Mohamed*, 90 F. Supp. 2d. at 778.  This Court has the same ability to secure a witness's attendance at trial as a court in the Northern District of Texas, Fort Worth Division.  Accordingly, this factor does not weigh in favor of transfer.

*The willing witnesses' cost of attendance*

The moving party has the burden of specifying who the "key" witnesses are and indicating what they will generally testify to at trial.  *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401-02 (N.D. Tex. 1984)(citing 15 Wright, Miller & Cooper*, Federal Practice and Procedure* ¶ 3851 at 270-71 (1976)).  Nissan claims that James Bivins ("Bivins"), a witness to the accident, Officer Sam Shemwell ("Officer Shemwell") of the Grapevine Police Department, who responded to the accident, and Smith's medical providers, such as Dr. Tyrone McCall ("Dr. McCall") and other physicians from Parkland Hospital, are all "key" witnesses in the case.  Bivins, Officer Shemwell, and Smith's medical providers all reside in the Dallas/Fort Worth area in the Northern District of Texas.  Nissan does not indicate what any of these witnesses will testify to at trial.

4

The three most important topics that will be addressed by witnesses testifying at trial in this case will relate to whether Nissan sold and/or manufactured a defective product, whether that product caused Smith's injuries, and what damages, if any, Smith is entitled to as a result of those injuries. Officer Shemwell testified in an affidavit attached to Smith's response to Nissan's motion that he did not have any knowledge about whether or not Smith's airbag was defective or whether the airbag caused her injuries. Although Nissan claims Officer Shemwell is a "key" witness, it has not identified what he will testify to at trial. Based on the information before the Court, it is not likely that Officer Shemwell will be a "key" witness.

Similarly, Bivins testified in an affidavit attached to Smith's response that he did not have any knowledge as to whether Smith's airbag was defective or whether it caused her injuries. Furthermore, Nissan has not identified what Bivins might testify to at trial. Accordingly, based on the information before the Court, Bivins will not likely be a "key" witness at trial.

Nissan has not indicated what Dr. McCall or any other medical provider will testify to at trial. Certain witnesses will undoubtably testify about Smith's injuries as well as her past and future medical treatment. Although Dr. McCall and other physicians from Parkland Hospital could be called to testify on these issues at trial, the bulk of these witnesses will be called by Smith, not Nissan, because it is her burden to prove damages. Smith has not identified Dr. McCall or other Parkland physicians as witnesses. Moreover, Nissan has failed to identify the other medical providers from Parkland that might testify, much less what they will testify to. Based on the current information before the Court, Nissan has not demonstrated that Dr. McCall or other medical providers will be "key" witness at trial.

5

The fact that the witnesses identified by Nissan are not likely to be "key" witnesses does not preclude the Court from considering their convenience; however, it does decrease the amount of weight given to any inconvenience they might suffer. Officer Shemwell testified in his affidavit filed with Smith's response to Nissan's motion that it was not more of an inconvenience for him to travel to Marshall for a day of trial than it would be for him to attend a day of trial in Dallas.[1]  Officer Shemwell also testified in an affidavit attached to Nissan's reply brief that it would be more convenient for him to travel 20 miles to attend trial in Fort Worth than it would be for him to travel 175 miles to Marshall to attend trial.  Although it may be "more convenient" for Officer Shemwell to attend trial in Fort Worth, his affidavits do not lead to the conclusion that he would be excessively burdened by having to attend trial in Marshall.  Considering the fact that Officer Shemwell's testimony on the topic of convenience is unclear at best and that he is not likely to be a "key" witness at trial, little weight is given to any inconvenience he might suffer if the case is tried in Marshall.

Bivins testified, without contradiction by a later affidavit, that it was not inconvenient for him to travel to Marshall for trial.  Therefore, considering this fact and the fact that he is not likely to be a "key" witness at trial, any inconvenience he might suffer by having to testify at trial in Marshall is not given much weight.

Finally, because Nissan did not indicate what, if anything, Dr. McCall or other medical providers would testify to at trial, little weight is given to any inconvenience these non-party witnesses might suffer at trial.  Accordingly, this factor only slightly weighs in favor of transfer.

---

[1] Although Nissan has moved to transfer the case to the Fort Worth, Officer Shemwell and Bivins both testified with regard to Dallas in their affidavits attached to Smith's response.

*All other practical problems that make the case's trial easy, expeditious, and inexpensive*

      This case is set for trial on February 12, 2007, which is only a little over eight months away. If this case were transferred to the Northern District of Texas, Fort Worth Division, the case would have to start over on a new docket where the current time to trial is somewhere in the range of fifteen months. Therefore, a transfer of the case at this point would almost double the time to trial. Such a delay could increase expenses for the parties and provide some minor duplication of work within the judicial system. Accordingly, this factor weighs against transfer.

**Public Factors**

*The administrative difficulties flowing from court congestion*

      Neither party specifically addressed this factor. However, as discussed above, this case will likely reach a final resolution more quickly by remaining in the Marshall Division. Furthermore, the criminal docket in the Fort Worth Division is heavier than the criminal docket in the Marshall Division, making overall court congestion in the Fort Worth Division greater. Accordingly, this factor weighs against transfer.

*The local interest in having local issues decided at home*

      In a products liability case involving a company like Nissan that sells its products throughout the country, no particular court has more of an interest in deciding if Nissan's products were defective. The only aspect of this case that could be considered of local interest would be the fact that Smith is from Fort Worth. The community could have a local interest in deciding how its fellow residents are compensated when allegedly injured by the negligence of an outside entity like Nissan. Accordingly, this factor slightly favors transfer.

*The forum's familiarity with the governing law*

Smith contends that this Court is much more familiar with the issues in a vehicle product liability case. Although this Court may in fact see more vehicle product liability cases than the courts in the Northern District of Texas, Fort Worth Division, it is difficult to determine which, if either, court is more familiar with the law in such a case. Both courts are perfectly capable of handling a case involving the product liability laws of the state of Texas. Accordingly, this factor does not weigh in favor transfer.

*The avoidance of unnecessary conflict of law problems involving foreign law's application*

This case is a product liability case brought under the laws of the State of Texas. No conflict of law problems are likely to arise. Even if a conflict of law problem did arise in this case, it would be handled identically whether the case was in this Court or a court in the Northern District of Texas. Accordingly, this factor does not weigh in favor of transfer.

## CONCLUSION

Nissan has failed to demonstrate that transferring this case to the Northern District of Texas, Fort Worth Division is warranted. The only factors that provide any weight to the transfer of this case are the cost of attendance and convenience of willing witnesses and the local interest of having local issues decided at home. However, for the reasons discussed above, the witnesses are not likely to be "key" witnesses at trial and are given less consideration when applying the factors. Moreover, Nissan did not demonstrate that any witnesses would be significantly inconvenienced by having to testify at trial in Marshall. Although the local interest in having local issues decided at home slightly favors transfer, it is not significant enough of an interest to overcome Smith's choice of forum. At

the same time, transferring this case would likely double the time it would take to get the case to trial, which would not be in the interest of the parties or in the interest of justice.   Therefore, considering that Smith filed the case in the Eastern District of Texas, Marshall Division, and that none of the factors significantly favor transfer of the case, the Court **DENIES** Nissan's motion.

   **So ORDERED and SIGNED this 12th day of June, 2006.**

      **LEONARD DAVIS**
      **UNITED STATES DISTRICT JUDGE**